JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY (SBN 176106)
Counsel for Wage and Hour
LAURA BREMER (SBN 162900)
Trial Attorney
JESSICA M. FLORES (SBN 294060)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772
Email: bremer.laura@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FATIMA/ZAHRA, INC., d/b/a LAKE ALHAMBRA ASSISTED LIVING CENTER, a California corporation; MEHRANGIZ SARKESHIK, an individual; and, ABOLFAZL SARKESHIK, an individual,<br><br>Defendants. | Case No.: 4:14-cv-02337-CW<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

1. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19 (hereinafter "FLSA" or the "Act"), to enjoin Defendants Fatima/Zahra, Inc., doing business as Lake Alhambra Assisted Living Center ("Lake Alhambra"), Mrs. Mehrangiz (Gita) Sarkeshik, and Mr. Abolfazl Sarkeshik from violating the FLSA, and pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages.

## PARTIES

2. Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

3. Defendant Fatima/Zahra, Inc. is a corporation organized and existing under the laws of California. Since approximately 2001, it has operated an assisted living home under the name Lake Alhambra Assisted Living Center, located in Antioch, California.

4. Defendant Mehrangiz (Gita) Sarkeshik, an individual, resides in Antioch, California, within the jurisdiction of this court, and at all times hereinafter mentioned owned 50% of the shares of Defendant Fatima/Zahra, Inc., and is an owner of Lake Alhambra. Ms. Sarkeshik acted directly or indirectly in the interest of the corporate defendant in relation to employees of Lake Alhambra, including the power to fire employees, determine employment practices, and supervise employees.

5. Defendant Abolfazl Sarkeshik, an individual, resides in Antioch, California, within the jurisdiction of this court, and at all times hereinafter mentioned owned 50% of the shares of Defendant Fatima/Zahra, Inc., and is an owner and CEO of Lake Alhambra. Mr. Sarkeshik acted directly or indirectly in the interest of the corporate defendant in relation to employees of Lake Alhambra, including the power to fire employees, determine employment practices, and supervise employees.

**JURISDICTION**

6. Jurisdiction of this action is conferred upon the Court by section 17 of the FLSA, 29 U.S.C. § 217, by 28 U.S.C. § 1331 (federal question), and by 28 U.S.C. § 1345 (United States as plaintiff).

**VENUE**

7. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Antioch, Contra Costa County, California.

**INTRADISTRICT ASSIGNMENT**

8. Assignment of this action to the San Francisco or Oakland Divisions of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to this claim occurred in Contra Costa County.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Defendant Lake Alhambra is and at all relevant times hereto, has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

10. Defendant Lake Alhambra at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**FIRST CAUSE OF ACTION**
**(Retaliation in Violation of the FLSA)**

11. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 10 of the First Amended Complaint.

12. Defendants have violated and are violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees, including by intimidating and threatening to terminate employees who cooperate with the Secretary's investigation into Defendants' compliance with the FLSA

13. Defendants' violations of the anti-retaliation provisions of the FLSA are willful and continuing. Defendants continue to engage in coercive and intimidating behavior, including threatening employees, even after being advised that such conduct violates the FLSA.

## SECOND CAUSE OF ACTION
### (Obstructing the Secretary's Investigation in Violation of the FLSA)

14. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 13 of the First Amended Complaint.

15. Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA by, among other things, threatening to fire employees who provide information to the Secretary's investigator.

16. Defendants' interference with the Secretary's investigation and the investigative provisions of the FLSA are willful and continuing. Defendants continue to engage in coercive and intimidating behavior, including threatening employees, even after being advised that such conduct violates the FLSA.

## THIRD CAUSE OF ACTION
### (Violation of Recordkeeping Provisions of the FLSA)

17. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 16 of the First Amended Complaint.

18. Defendants have repeatedly violated, and continue to violate, the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 CFR § 516.

# FOURTH CAUSE OF ACTION
### (Violation of Minimum Wage Provisions of the FLSA)

19. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 18 of the First Amended Complaint.

20. During the period since May 20, 2011, Defendants Lake Alhambra, and Mr. and Ms. Sarkeshik, employers subject to the provisions of the FLSA, have repeatedly violated and continue to willfully violate the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the effective minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

# FIFTH CAUSE OF ACTION
### (Violation of Overtime Provisions of the FLSA)

21. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 20 of the First Amended Complaint.

22. During the period since May 20, 2011, Defendants Lake Alhambra, and Mr. and Ms. Sarkeshik, employers subject to the provisions of the FLSA, have repeatedly violated and continue to willfully violate the provisions of sections 7 and 15(a)(2) of the FLSA, by employing many of their employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in

excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants Fatima/Zahra, Inc., Mehrangiz (Gita) Sarkeshik, and Abolfazl Sarkeshik, their officers, agents, servants, employees, successors, and those persons acting in their behalf and interest from prospectively violating the provisions of the FLSA §§ 6(a), 7, 11(a), 11(c) and 15(a)(2), (a)(3) and (a)(5), 29 U.S.C. §§ 206(a), 207, 211(a), 211(c) and 215(a)(2), (a)(3) and (a)(5); and

(b) For an Order

(1) pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants Fatima/Zahra, Inc., Mehrangiz (Gita) Sarkeshik, and Abolfazl Sarkeshik jointly and severally liable for $553,000, or the amount found due to Lake Alhambra's employees listed in the attached Exhibit A for unpaid minimum wage and overtime compensation, and liquidated damages (equal in amount to the unpaid compensation found due); (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint, and thus not listed on Exhibit A), or in the event liquidated damages are not awarded;

(2) pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants Fatima/Zahra, Inc., Mehrangiz (Gita) Sarkeshik, and Abolfazl Sarkeshik, their officers, agents, servants, employees, successors, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime wages found to be due their employees for the period covered by this Complaint and pre-judgment interest at an appropriate interest rate;

 (c) For an Order awarding compensatory damages for Defendants' violation of FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3);

 (d) For an Order awarding plaintiff the costs of this action; and

 (e) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: July 11, 2014

        M. PATRICIA SMITH
        Solicitor of Labor

        JANET M. HEROLD
        Regional Solicitor

        SUSAN SELETSKY
        Counsel for Wage & Hour

        JESSICA FLORES
        Trial Attorney


        By: /s/ Laura C. Bremer
        LAURA C. BREMER
        Trial Attorney

        UNITED STATES
        DEPARTMENT OF LABOR
        Attorneys for the Plaintiff

# EXHIBIT A

1. Bardales, Maida
2. Cabello Vargas, Maria
3. Contreas, Thalia
4. Enriquez, Barbara
5. Flores, Guadalupe
6. Garcia, Esperanza
7. Garcia, Monika
8. Garcia-Hernandez, Victoria
9. Gomez, Adriana
10. Gonzalez, Esmeralda
11. Hanlin, Shannon
12. Hernandez, Sonia
13. Hernandez de Garcia, Beatriz
14. Jimenez, Gavina
15. Juarez, Veronyca
16. Lay, Rose
17. Machain, Alejandra
18. Machain, Blanca
19. Mendez Herrera, Maria Ester
20. Moncada, Calletana
21. Monteagudo, Santos

| | | |
|---|---|---|
| 22. | Mortaya, Rafeala |
| 23. | Pena Ochoa, Martha |
| 24. | Ramirez, Gloria |
| 25. | Ramirez, Griselda |
| 26. | Sanchez Alvarado, Maria |
| 27. | Silva-Gamez, Yesenia |
| 28. | Soto, Graciela |
| 29. | Suarez, Ana |
| 30. | Torres, Marisela |
| 31. | Vasquez, Maria |
| 32. | Virgen, Manuela |
| 33. | Zapata, Karla |
| 34. | Zapata, Marlett |
| 35. | Zuniga, Maria |
| 36. | (Last name unkown) ,Olivia |