IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>  v.<br><br>FATIMA/ZAHRA, INC., d/b/a LAKE ALHAMBRA ASSISTED LIVING CENTER, a California corporation; MEHRANGIZ SARKESHIK, an individual; and ABOLFAZL SARKESHIK, an individual;<br><br>      Defendants.<br>_____/ | No. C 14-2337 CW<br><br>ORDER GRANTING MOTION TO SEAL<br><br>(Docket No. 31) |

    Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor (DOL) filed an administrative motion to seal certain portions of the declarations of two employees of Defendants Fatima/Zahra, Inc., Mehrangiz Sarkeshik, and Abolfazl Sarkeshik.  The declarations were filed in conjunction with Plaintiff's motion for a preliminary injunction, which the Court granted.  The Court now considers the motion to seal, which is narrowly tailored to request redactions of only the identifying details of the employees in order to protect them from retaliation by Defendants.  Civ. L.R. 79-5.

    Plaintiff must establish compelling reasons to seal this information.  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Plaintiff argues that the declarations

must be redacted in order to protect "the identity of persons who furnish information of violations of law to officers charged with enforcement of that law from those who would have cause to resent that communication." In re Perez, 749 F.3d 849, 855-56 (9th Cir. 2014) (holding that government informant's privilege applied to protect identity of employees who cooperated with the DOL in conjunction with wage and hour investigation and litigation). For the government informant's "privilege to give way, the party seeking disclosure has the burden of showing that its need for the information outweighs the government's interest in nondisclosure." Id. at 858. The party seeking disclosure may do so by demonstrating that "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 856. Here, Defendants did not oppose the limited redactions of these documents. Defendants were able to cross-examine employees who testified at the preliminary injunction hearing concerning the same events, and so they were able to develop their defense. Moreover, the Court has found a history of retaliation by Defendants against their employees such that the employees' cooperation with the DOL would be significantly chilled if not for application of the privilege.

Accordingly, the government informant's privilege applies and sealing of the employees' identities is warranted.

IT IS SO ORDERED.

Dated: 9/2/2014

CLAUDIA WILKEN
United States District Judge

3