JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY (SBN 176106)
Counsel for Wage and Hour
LAURA BREMER (SBN 162900)
Trial Attorney
JESSICA M. FLORES (SBN 294060)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772
Email: bremer.laura@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br> FATIMA/ZAHRA, INC., d/b/a LAKE ALHAMBRA ASSISTED LIVING CENTER, a California corporation; MEHRANGIZ SARKESHIK, an individual; and, ABOLFAZL SARKESHIK, an individual, <br><br>　　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No.: 4:14-cv-02337-CW

MOTION FOR ENTRY OF CONSENT JUDGMENT

Case No.: 4:14-cv-02337-CW

1    Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of

2  Labor, hereby moves the Court for entry of the concurrently filed Consent Judgment.

3

   Respectfully submitted,
4

5  Dated:  October 17, 2014                    M. PATRICIA SMITH
                                                Solicitor of Labor
6
                                                JANET M. HEROLD
7                                               Regional Solicitor

8                                               SUSAN SELETSKY
                                                Wage and Hour Counsel
9

10                                              JESSICA FLORES
                                                Trial Attorney
11

12

13                                              By:____/s/ Laura C. Bremer
                                                LAURA C. BREMER
14                                              Trial Attorney

15                                              Attorneys for the Plaintiff
                                                UNITED STATES
16                                              DEPARTMENT OF LABOR

17

18

19

20

21

22

23

24

25

1  JANET M. HEROLD
   Regional Solicitor
2  SUSAN SELETSKY (SBN 176106)
   Counsel for Wage and Hour
3  LAURA BREMER (SBN 162900)
   Trial Attorney
4  JESSICA M. FLORES (SBN 294060)
   Trial Attorney
5  UNITED STATES DEPARTMENT OF LABOR
   Office of the Solicitor
6  90 7th Street, Suite 3-700
   San Francisco, California 94103
7  Telephone: (415) 625-7757
   Facsimile: (415) 625-7772
8  Email: bremer.laura@dol.gov

9  Attorneys for Plaintiff, Thomas E. Perez, Secretary
   United States Department of Labor

10

11            UNITED STATES DISTRICT COURT FOR THE

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  THOMAS E. PEREZ, Secretary of     )  Case No.: 4:14-cv-02337-CW
    Labor, United States Department of )
15  Labor,                            )  [PROPOSED] CONSENT
                                      )  JUDGMENT   (AMENDED)
16            Plaintiff,              )
                                      )
17        v.                          )
                                      )
18  FATIMA/ZAHRA, INC., d/b/a LAKE    )
    ALHAMBRA ASSISTED LIVING         )
19  CENTER, a California corporation; )
    MEHRANGIZ SARKESHIK, an          )
20  individual; and, ABOLFAZL        )
    SARKESHIK, an individual,         )
21                                    )
              Defendants.            )
22  _____ )

23

24

25

*[Proposed]* Consent Judgment                1

1  Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States
2  Department of Labor (the "Secretary") and Defendants Fatima/Zahra, Inc., doing
3  business as Lake Alhambra Assisted Living Center ("Lake Alhambra"), Mrs.
4  Mehrangiz (Gita) Sarkeshik, and Mr. Abolfazl Sarkeshik have agreed to resolve
5  the matters in controversy in this civil action and consent to the entry of this
6  Consent Judgment.

7  A.   The Secretary has filed a complaint and a First Amended Complaint
8  pursuant to Section 7, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as
9  amended, 29 U.S.C §§ 201-19 (hereinafter "FLSA"), to enjoin Defendants from
10  violating the FLSA, and pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c),
11  requesting unpaid minimum wage and overtime compensation for Defendants'
12  employees, together with an equal amount as liquidated damages.   The First
13  Amended Complaint alleges that the Defendants violated Sections 6, 7, 11(a),
14  11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(a),
15  211(c), 215(a)(2), 215(a)(3), and 215(a)(5) by retaliating against employees,
16  including by intimidating and threatening to terminate employees who cooperated
17  with the Secretary's investigation into Defendants' compliance with the FLSA, by
18  obstructing the Secretary's investigation into Defendants' compliance with the
19  FLSA, by failing to create and maintain records as required by the FLSA, and by
20  failing to pay employees minimum wage for all hours worked, and by failing to
21  pay employees at the rate of a time and a half for all hours worked over 40 in a
22  week.

23  B.   Defendants acknowledge service of the Secretary's Complaint and
24  summons, and the First Amended Complaint.
25

*[Proposed]* Consent Judgment          2

C.     Defendants are represented by counsel, and have appeared in this action and answered the First Amended Complaint.

D.     Defendants resolve this lawsuit without admitting that they owe the amount of money that they have agreed to pay herein.

E.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

F.     The parties agree that this Consent Judgment is intended to, and does in fact, resolve, fully and finally, all claims related to alleged unpaid wages owed under the Fair Labor Standards Act with respect to any and all Lake Alhambra employees employed during the relevant time period as set forth on the attached Exhibit A for the periods set forth therein.  FLSA section 216(c) shall apply to terminate the right of each of the Lake Alhambra employees listed in Exhibit A to bring an action seeking unpaid back wages and liquidated damages under the FLSA for their work at Lake Alhambra for the time frames set forth for that employee.  After each employee has received all of the payments specified in Exhibit B, the Secretary will request that each employee sign a back-wage receipt and release form (WH-58).  The Secretary will provide a copy of all signed WH-58 forms to Defendants within thirty days of the last payment set forth in Exhibit B. This Consent Judgment is not a bar to any employee not named on Exhibit A, nor is it a bar for any period not identified in Exhibit A.

G.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

[Proposed] Consent Judgment                          3

H.    Defendants have been advised and understand that entering into this Judgment means that they must comply with the FLSA.

I.    Defendants understand that if they fail to pay the amounts due under this Judgment, or if they fail to pay the minimum wage and overtime required by the FLSA, or if they demand or accept any of the funds due employees under this Judgment, or retaliate against any employee for exercising any of their rights under the FLSA, they may be subject to additional court action by the Secretary, including an action for contempt of court, and may be subject to additional injunctive relief and penalties.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that Defendants Fatima/Zahra, Inc., doing business as Lake Alhambra Assisted Living Center ("Lake Alhambra"), its officers, Mrs. Mehrangiz (Gita) Sarkeshik, and Mr. Abolfazl Sarkeshik, and their  agents, and employees hereby are permanently enjoined and restrained from violating the provisions of the FLSA, including in any of the following manners:

1.    Defendants shall not, contrary to FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), employ any employee who in any workweek is engaged in commerce or the production of goods for commerce or employed in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage rate.

2.    Defendants shall not, contrary to FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), employ any employee who in any workweek is engaged in

commerce or the production of goods for commerce or employed in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is paid at a rate of time and one half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

3. Defendants shall not fail to make, keep, preserve and make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants shall not fail to cooperate with the Department of Labor in any investigation conducted pursuant to FLSA Section 11(a), 29 U.S.C. § 211(a).

5. Defendants, along with their officers, agents, and employees, shall not terminate or threaten to terminate any employee, or retaliate or discriminate against any employee in any other way, including without limitation retaliation through assignment of hours or shifts, pursuant to FLSA Section 15(a)(3), 29 U.S.C. 215(a)(3), based on their belief that an employee exercised or asserted his or her rights under the FLSA or spoke with or otherwise cooperated with the Department of Labor.

6. Defendants, jointly and severally, shall not continue to withhold the payment of $152,500 in minimum wage and overtime pay hereby agreed to be due under the FLSA to 32 employees, as a result of their employment by Defendants

during the period of March 26, 2011 through June 22, 2014 ("back wage accrual period") as set forth in the attached Exhibit A, showing the name of each employee and listing on the same line the gross back wage amount due the employee and the period of employment covered by the Consent Judgment.

AND IT IS FURTHER ORDERED AND ADJUDGED that

7.    Defendants, jointly and severally, in accordance with the schedule attached as Exhibit A,  shall pay the amount of $152,500 for liquidated damages and the back wages of $152,500 that the Secretary hereby agreed to be due under FLSA Section 16(c), 29 U.S.C. § 216(c) for a total of $305,000.

8.    Defendants, jointly and severally, in accordance with the schedule attached as Exhibit B, agree to pay $25,000 in civil money penalties ("CMPs") assessed against the Defendants, and finally determined, pursuant to authority granted in FLSA § 16(e), 29 U.S.C. § 216(e) for alleged repeat and willful violations of the minimum wage and overtime pay provisions of the FLSA during the back wage accrual period.

9.    JUDGMENT is hereby entered against Defendants jointly and severally, and in favor of the Secretary, in the amount of $330,000.

10.    To accomplish the requirements of Paragraphs 6-8, Defendants shall make all payments due under this Judgment at the times, in the amounts of the type (back wages, liquidated damages, or CMPs), and to the persons as set forth below and on the attached Exhibit B.  All payments and documents due under this Judgment shall be delivered to Assistant District Director, Celeste Hale, Wage and Hour Division, United States Department of Labor, 90 7th Street, Suite 12-100, San Francisco, California 94103 on or before the date due:

a.    Within 10 days of entry of this Judgment, Defendants shall deliver a schedule showing the name of each Lake Alhambra employee listed on the attached Exhibit A, the employee's social security number, the employee's home address and telephone numbers, and showing the gross amount due, the employee portion of legally required deductions made from the gross back wage amount due to each (as a result of legal deductions required by law, such as federal, state and/or local taxes and FICA which Defendants shall forward to the appropriate agency), and the resulting net back wage amount ("Net Back Wage Schedule").

b.    Defendants shall make payments totaling $330,000 in six monthly installments commencing thirty (30) days after entry of the consent judgment, and at the times and in the amounts as set forth in the attached Exhibit B.   The payments shall be allocated to liquidated damages, back wages, and civil monetary penalties as set forth in the "type" column of Exhibit B.

c.    The payments shall be made in the amount set forth in the installment schedule attached hereto as Exhibit B (subject to the deductions set forth in the Net Back Wage Schedule).  Each payment to the individuals listed on Exhibit B shall be made by cashier's check payable to Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example: "Pay to the order of (Employee Name) **or** the Wage & Hour Div., Labor").  "Lake Alhambra" shall be written on the memo line of all checks.  In addition, the checks to individuals for liquidated damages (as noted in the "type" column of Exhibit B) shall also have "LDs" written in the memo line, and the checks due to individuals for back wages as set forth on Exhibit B shall also have "Backwages" written on the memo line. The payment of $25,000 for CMPs shall be made by the date set forth on Exhibit B for this payment by check made payable to "Wage and Hour Div., Labor" and "Lake

Alhambra CMPs" shall be written on the memo line of the check.

d.      The payment to each individual as set forth on Exhibits A and B shall be subject to legal deductions required by law (such as federal, state and/or local taxes and FICA), which deductions Defendants shall pay to the appropriate government agencies on the portion representing back pay only.  Defendants will also pay to the appropriate government agencies the employer's share of social security withholdings, and shall also mail an IRS Form W-2 for the portion of the payment representing back wages for each individual for the tax year in which the back wage payments are made.

e.      The Secretary shall distribute the moneys due under this Judgment to the persons named on the attached Exhibit A, or to their estates, in his sole discretion.  The Secretary acknowledges that the monies due under this Judgment are based on a reconstruction of hours worked, because Defendants failed to maintain an accurate record of the hours worked.  Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

f.      In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Consent Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the Defendants.

It is further ORDERED, ADJUDGED, AND DECREED that

11.     Within 45 days of execution of this Consent Judgment, Defendants will purchase an advertisement in a local Contra Costa County Spanish language publications for two weeks or $2,000 containing information about this lawsuit and Consent Judgment and asking that former employees of Lake Alhambra since March 26, 2011 to contact the U.S. Department of Labor at (415) 625-7720 regarding the payment of wages.  Within 15 days of execution of this Consent Judgment, Defendants will provide the Secretary with a draft of the advertisement prior to its submission, for their review and approval.  The Secretary shall have 15 days to review the ad.  Defendants shall provide a final copy of the ad to the Secretary upon the ad's publication.  Defendants agree to make diligent efforts to have the ad published, and will post a copy on a prominently located bulletin board at Lake Alhambra during the period of publication.

12.     Defendants shall execute one deed of trust to secure the payments described in Paragraph 4 through 7.  The deed of trust shall be recorded against the real property commonly known as 825 E. 18th Street, Antioch, California 94509-2835, and will be attached hereto as Exhibit C prior to filing of this Consent Judgment.  Defendants have provided proof of an encumbrance by Wells Fargo Bank of approximately $1,270,000 as of September 5, 2014 and have represented that this is the only encumbrance on this property and that this constitutes sufficient equity to satisfy the Judgment of $330,000 against Defendants.  If the Court does not sign this Consent Judgment, the Secretary will immediately release the deed of trust attached as Exhibit C.  Defendants agree not to further encumber the property.  If Defendants default on their payment obligations, they shall be given 30 days written notice to cure the default.  If Defendants fail to cure their

default, Plaintiff shall, at his discretion and without further notice to Defendants, cause the trustee, identified in the deed of trust or subsequently substituted, to sell the property described in Exhibit C to satisfy Defendants' obligations outlined in paragraphs 6 through 8.

13.     Defendants, along with their officers, agents, and employees, shall not in any way demand, require or accept from any employee any portion of the back wages or liquidated damages due under this Consent Judgment nor deduct any portion of the back wages or liquidated damages from wages paid to employees going forward.  Defendants cannot threaten or imply that adverse action will be taken against any employee because of his/her receipt of funds due under this Consent Judgment and may not harass, retaliate, discharge or reduce the hours of any employee because of the employee's receipt of the back wages or liquidated damages due under this Consent Judgment.  Demanding or accepting any of the payments due under this Consent Judgment or threatening any employee for accepting money due under this Judgment is specifically prohibited by this Consent Judgment.

14.     Defendants, along with their officers, agents, employees, shall not tell anyone who works for them not to speak to representatives of the Department of Labor or the Independent Monitor or to provide false information to the Department of Labor or the Independent Monitor regarding the terms and conditions of their employment, or ask anyone who works for them to give them any documents or business cards provided by representatives of the Department of Labor or Independent Monitor.  However, nothing in this Consent Judgment prevents Defendants from requesting that their employees notify them if representatives of the Secretary or the Independent Monitor come onsite at the

Lake Alhambra facility.

15.     Defendants, along with their officers, agents, and employees shall not threaten to have any employee deported, or refer to any employee's immigration status.

16.     Defendants, along with their officers, agents, and employees, shall not terminate, lay off, or otherwise end the employment of any Lake Alhambra employee without providing seven days advance written notice to the employee and to the Independent Monitor.

17.     Defendants, along with their officers, agents, and employees, shall not provide a job reference for any Lake Alhambra employee that states anything other than the employee's dates of employment, position, and salary.

18.     Defendants shall amend and maintain their record-keeping and payroll practices to comply with the FLSA.  To accomplish the provisions of this paragraph, and if not already in effect at the time of entry of this Consent Judgment, Defendants shall:

a.     Defendants shall maintain a time clock system and shall require each employee clock in and out on the time machine to track their own start time and end time, each day they work.  Defendants shall install and maintain a video camera at the Lake Alhambra facility that is focused on the time clock and records employees clocking in and out.  Defendants shall ensure that the time clock is operational and accurately recording employees' time and that employees have the materials (such as time cards) to record their time worked.   Defendants shall ensure that the video camera is operational and contains tapes, digital memory, or other media sufficient to record and preserve all footage of employees clocking in

and out, and that the video recording contains and records the correct date and time.  Immediately upon execution and as long as Defendants own Lake Alhambra, Defendants shall maintain the time clock and video camera.  Copies of all time cards and video recordings of the time clock for a period of three years shall be made available for inspection by the U.S. Department of Labor or the Independent Monitor (described in paragraph 19) any time  upon request, or for the time in which Defendants own the property, if shorter than three years.

b.      Not require or permit employees to work "off the clock" either before or after their shift.

c.      Not reduce compensable hours worked for time spent taking lunch unless an employee is free from all duties during the time deducted for lunch.

d.      For each work week, sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each work week, and  provide paychecks to Lake Alhambra employees that conform to the requirements of California Labor Code Section 226(a), including: each employee's gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

e.      Not fail to post the attached Exhibit D in English and Spanish on a bulletin board in a prominent location at Lake Alhambra.  Exhibit D summarizes the terms of this Judgment and the employees' rights under the FLSA.  Defendants shall maintain this posting for a period of two years from entry of this Judgment; or until the individual Defendants sell Lake Alhambra in a bona fide sale, if that time

period is less than two years.

f.     Maintain all timecards, recordings of the time clock, and payroll records for a period of three years.

g.     Not destroy, alter, or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

h.     Not request, require, or otherwise cause employees to sign inaccurate time records.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that an Independent Monitor shall be appointed as follows:

19.     The Worker Rights Consortium ("WRC") is hereby appointed as the Independent Monitor.

a.  WRC shall monitor Defendants' compliance with the FLSA and the terms of this Consent Judgment.

b.  Defendants are jointly and severally liable for payment of the reasonable costs, fees and expenses of WRC incurred in connection with the performance of the Independent Monitor's duties as specified in this Consent Judgment.

i.     Within five (5) business days of entry of this Consent Judgment by the Court, Defendants shall deposit by wire $6,000 into the Court's registry for payment to WRC.

ii.     With the exception of the $2,000 identified in subsection v, below, the clerk shall disburse to WRC the amounts contained in the Court's registry for this action as soon as the funds deposited have cleared.

*[Proposed]* Consent Judgment                    13

iii.    Within 30 days of entry of this Consent Judgment, Defendants shall deposit by wire $4,000 into the Court's registry for payment to WRC.

iv.    Within 60 days of entry of this Consent Judgment, Defendants shall deposit by wire $4,000 into the Court's registry for payment to WRC.

v.    Within 90 days of entry of this Consent Judgment, Defendants shall deposit by wire $4,333.33 into the Court's registry for payment to WRC.  Of the $4,333, $2,000 shall remain in the registry until submission of the final report.

vi.    For 20 additional months, due in monthly increments starting four months after entry of this Consent Judgment and within each month thereafter, Defendants shall deposit by wire $2,333.33 into the Court's registry for payment to WRC, unless the duties of the Independent Monitor end before the end of the 20 months.

vii.    The clerk shall disburse to WRC the $2,000 deposited in the registry pursuant to subsection v above, plus any interest in the account for this action, upon the filing of the final report by WRC.

c.    Defendants shall cooperate in full with the Independent Monitor, including permitting the Independent Monitor to enter the business premises without prior notice, inspect all of the physical facilities and working conditions of the business premises, and inspect all books, records, and documents requested by the Independent Monitor, including employee time, payroll, and personnel records.

d.      Within 15 days of entry of the Consent Judgment, the Independent Monitor shall conduct separate educational question and answer sessions at Lake Alhambra with supervisors concerning the requirements of the Consent Judgment and the FLSA, and with employees (for which time employees will be compensated) concerning their rights under the Consent Judgment and the FLSA, including anti-retaliation provisions.  Attorneys for the Defendants and the Secretary may be present at the session for the supervisors.  Attorneys for the Defendants and the Secretary may be present at the beginning of the session for employees describing the lawsuit, the terms of the Consent Judgment, and to introduce the Independent Monitor; however, attorneys for the Department of Labor will not be present at the employee session when the Independent Monitor explains how the monitoring will work in practice, the employees' rights under the FLSA, or answers questions regarding these topics.

e.      During the 60 days after entry of the Consent Judgment and regularly thereafter, the Independent Monitor shall conduct interviews of employees, onsite, offsite, and/or by telephone concerning Defendants' compliance with the terms of the Consent Judgment and the FLSA, including anti-retaliation provisions.  The location of the interviews shall be at the discretion of the Independent Monitor, but at least half of the interviews will be conducted offsite.  Any off-site interviews shall be conducted during the employee's off-duty time, and the Independent Monitor shall schedule such off-site interviews with employees so that they do not disrupt business operations.

f.      The Independent Monitor shall regularly review employee

payroll, timekeeping (including time clock records and video coverage of the time clock) and other relevant documents, interview employees and supervisors, review records from the camera referenced in paragraph 18 and conduct unannounced inspections of the workplace as needed to determine if Defendants are complying with the FLSA and the Consent Judgment.  The Defendants shall provide payroll and timekeeping records to the Independent Monitor within five days of paying wages to employees.

g.      If the Independent Monitor believes a violation of any applicable local, state or federal law to have occurred, it will notify Mr. and Mrs. Sarkeshik within three business days.  Defendants shall correct any wage violations identified by the Independent Monitor in the next regularly scheduled payroll unless Defendants dispute the violations, in which case the alleged violations shall be reported to Wage and Hour Division within five business days.  The Defendants shall correct any other alleged violations identified within five business days, or the Independent Monitor will report the alleged violations to the Wage and Hour Division.  However, if the Independent Monitor believes that the alleged violations it has identified are urgent or otherwise require immediate attention, the Independent Monitor shall have the discretion to immediately report the alleged violations to the Wage and Hour Division or other relevant parties.

h.      The Department of Labor may provide confidential information obtained during its investigation and the lawsuit to the Independent Monitor without waiving any privileges protecting such information, including the government informant privilege.  If the Independent Monitor reports a violation to the Wage and Hour Division pursuant to subparagraph g, the

Independent Monitor shall provide copies of all documents relevant to the alleged violation to the Department of Labor upon its request, and such information shall remain confidential and subject to the protection of the government informant privilege.

    i.    Except as set forth in subparagraph h, above, the names of employees interviewed, interview notes, and information that would identify specific employees shall be kept in strict confidence by the Independent Monitor from all persons.

    ii.    Defendants expressly reserve and do not waive the right to discover the information or documents obtained by the Independent Monitor in carrying out its duties.  The Secretary expressly reserves the right to contend that such information and documents are privileged.

    i.    The Independent Monitor shall provide quarterly reports on results of inspections and status of compliance to the Secretary, Defendants, and the Court, which shall be filed through ECF and docketed in this case.

    j.    At the end of one (1) year, the Independent Monitor shall make a recommendation to the Court, the Secretary, and Defendants as to whether Defendants are in substantial and sufficient compliance with the FLSA and the Consent Judgment.

    k.    Defendants shall not discriminate or retaliate against employees for cooperating or communicating with the Independent Monitor.

    l.    The duties of the Independent Monitor will conclude two years after entry of the Consent Judgment unless (a)  At the conclusion of one year

after the entry of this Consent Judgment, Defendants may petition the Court to end the monitors' duties. If the Secretary agrees, he will not oppose Defendants' motion; or (b) in the event of a complete ownership change of Lake Alhambra as a result of an arm's length transaction,, the Independent Monitor's duties will expire at closing, except that if the closing date occurs later than three months after the entry of this Consent Judgment, the Independent Monitor will prepare a final quarterly report

20.     If Defendants sell, transfer, assign, or otherwise dispose of any interest in Fatima/Zahra, Inc.'s assets, including its Lake Alhambra business, Defendants agree the remaining balance of the settlement as outlined in Paragraphs 6 through 9 above, will be due upon sale, transfer, assignment, or disposal. Defendants shall include instructions consistent with paragraph 10 in the escrow agreement regarding the sale, transfer, assignment or disposal of Fatima/Zahra, Inc.'s assets or made other arrangements to which the Secretary has agreed in writing, to ensure that the any remaining balance of the $330,000 Judgment will be satisfied through the proceeds of such a sale.

21.     Defendants shall not provide information to the buyers that could be used to retaliate against Lake Alhambra employees in connection with a sale, transfer, assignment, or disposal of any interest in Fatima/Zahra, Inc.'s Lake Alhambra business.

22.     Defendants agree that it will not sell, transfer, assign, or dispose of any interest in Fatima/Zahra, Inc.'s Lake Alhambra business unless the buyer agrees in writing to hire all Lake Alhambra employees as part of the sale, transfer, assignment, or disposal.

23.     Defendants shall provide notice to the Secretary and WRC within seven days after execution of an Agreement to sell, transfer, or assign Fatima/Zahra, Inc.'s assets.   If such sale is anticipated to occur prior to completing the payments due under the Consent Judgment, the notice shall include the escrow or other instructions agreed upon pursuant to paragraph 20, which provide for the payment of the remaining balance due under this Judgment to the Wage and Hour Division.

24.     Any notice to the Secretary under this Consent Judgment shall be delivered to Assistant District Director, Celeste Hale, Wage and Hour Division, United States Department of Labor, 90 7th Street, Suite 12-100, San Francisco, California 94103 and Susan Seletsky in the Office of the Solicitor at seletsky.susan@dol.gov.

25.     Further, the filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached hereto, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

26.  Violation of this Consent Judgment may subject the Defendants to equitable and legal damages and penalties, including penalties and injunctive relief for civil contempt.  The Secretary will meet and confer with Defendants in advance of bringing any motion, including a motion for contempt of this Consent Judgment.

27.     Upon the Court's entry of this Consent Judgment, the provisions of this Consent Judgment shall replace the injunctive relief set forth in the following court issued orders: May 22, 2014 Order regarding Temporary Restraining Order,

June 5, 2014 Order Regarding Preliminary Injunction, and August 5th, 2014 Order Finding Defendants in Contempt and Modifying Preliminary Injunction, except to the extent recited herein.

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _____OCTOBER 21_, 2014.

U.S. District Court Judge

1

2  Dated: October 17, 2014

3                                      M. PATRICIA SMITH
                                       Solicitor of Labor
4

5                                      JANET M. HEROLD
                                       Regional Solicitor
6

7                                      SUSAN SELETSKY
                                       Wage and Hour Counsel
8

9                                      LAURA C. BREMER
                                       Trial Attorney
10

11                                     JESSICA FLORES
                                       Trial Attorney
12

13

14        LAURA C. BREMER              By: _Laura C. Bremer_

15                                     Trial Attorney

16  FOR THE DEFENDANTS:

17

18  For:  Fatima/Zahra, Inc.

19

20  By: _____        _10/15/14_____

21      Abolfazl Sarkeshik            Date

22  Its: ___CEO_____

23  ///

24  ///

25
    [Proposed] Consent Judgment              21
    For:  Abolfazl Sarkeshik

1

2   By: _____          10/15/14

3        Abolfazl Sarkeshik                 Date

4

5   For:  Mehrangiz Sarkeshik

6

7

8   By: _____          10/15/14

9        Mehrangiz Sarkeshik               Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[Proposed] Consent Judgment                        22

# EXHIBIT A

**Summary of Unpaid Wages**

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | U.S. Department of Labor<br>801 YGNACIO VALLEY ROAD, SUIT<br>WALNUT CREEK, CA 94596 | Investigator:<br><br>EDDIE HART JR | | | Date:<br>10/09/2014 |
|---|---|---|---|---|---|
| | | Employer Federal Tax ID Number:<br><br>94-3365511 | | | |

| 1.  Name | 2.  Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | 6. LDs Due | Total |
|---|---|---|---|---|---|---|
| Ahumada, Gloria | 1<br>California, CA 99999 | 11/17/2013<br>to 12/29/2013 | 1 | $363.47 | $363.47 | $726.94 |
| Bardales, Maida | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $832.79 | $832.79 | $1,665.58 |
| Cabello Vargas, Maria | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $580.26 | $580.26 | $1,160.52 |
| Contreras, Thalia | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $182.31 | $182.31 | $364.62 |
| Enriquez, Barbara | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $2,141.84 | $2,141.84 | $4,283.68 |
| Flores, Guadalupe | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $17,777.58 | $17,777.58 | $35,555.16 |
| Garcia, Esperanza | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $13,575.90 | $13,575.90 | $27,151.80 |
| Garcia, Monika | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $8,544.83 | $8,544.83 | $17,089.66 |
| Garcia-Hernandez, Victoria | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $20,230.77 | $20,230.77 | $40,461.54 |
| Gonzalez, Esmeralda | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $15,338.18 | $15,338.18 | $30,676.36 |
| Hanlin, Shannon | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $349.94 | $349.94 | $699.88 |
| Henandez, Sonia | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $6,293.11 | $6,293.11 | $12,586.22 |
| Hernandez de Garcia, Beatriz | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $5,900.37 | $5,900.37 | $11,800.74 |
| Jimenez, Gavina | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $8,188.47 | $8,188.47 | $16,376.94 |
| Juarez, Veroncya | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $1,552.56 | $1,552.56 | $3,105.12 |
| Lay, Rose | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $3,006.75 | $3,006.75 | $6,013.50 |
| Mendez Herrera, Maria Ester | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $2,882.17 | $2,882.17 | $5,764.34 |
| Moncada, Calletana | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $14,526.96 | $14,526.96 | $29,053.92 |
| Mortaya, Rafeala | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $1,262.60 | $1,262.60 | $2,525.20 |
| Pena Ochoa, Martha | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $2,663.96 | $2,663.96 | $5,327.92 |

| I agree to pay the listed employees the amount due shown above by _____<br><br>Signed:  _____<br><br>Date:  _____ | Employer Name and Address:<br><br>Fatima/Zahra, Inc d/b/a Lake Alhambra Assisted Living Center<br>825 East 18th Street<br>Antioch, CA 94509 | Grand Total: | $305,000.00 |
|---|---|---|---|

**Summary of Unpaid Wages**

# U.S. Department of Labor
Wage and Hour Division



| Office Address: | U.S. Department of Labor<br>801 YGNACIO VALLEY ROAD, SUIT<br>WALNUT CREEK, CA 94596 | Investigator:<br>EDDIE HART JR | | | Date:<br>10/09/2014 | |
|---|---|---|---|---|---|---|
| | | Employer Federal Tax ID Number:<br>94-3365511 | | | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | 6. LDs Due | Total |
|---|---|---|---|---|---|---|
| Ramirez, Gloria | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $649.08 | $649.08 | $1,298.16 |
| Ramirez, Griselda | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $1,418.82 | $1,418.82 | $2,837.64 |
| Sanchez Alvardo, Maria | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $4,972.41 | $4,972.41 | $9,944.82 |
| Silva-Gamez, Yesenia | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $1,198.92 | $1,198.92 | $2,397.84 |
| Soto, Graciela | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $1,635.70 | $1,635.70 | $3,271.40 |
| Suarez, Ana | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $2,674.46 | $2,674.46 | $5,348.92 |
| Torres, Marisela | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $775.00 | $775.00 | $1,550.00 |
| Vasquez, Maria | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $2,042.73 | $2,042.73 | $4,085.46 |
| Virgen, Manuela | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $3,318.02 | $3,318.02 | $6,636.04 |
| Zapata, Karla | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $1,183.95 | $1,183.95 | $2,367.90 |
| Zapata, Marlett | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $2,769.45 | $2,769.45 | $5,538.90 |
| Zuniga, Maria | 1<br>California, CA 99999 | 03/26/2011<br>to 06/21/2014 | 1 | $3,666.64 | $3,666.64 | $7,333.28 |

| I agree to pay the listed employees the amount due shown above by _____<br><br>Signed: _____<br><br>Date: _____ | Employer Name and Address:<br><br>Fatima/Zahra, Inc d/b/a Lake Alhambra Assisted Living Center<br>825 East 18th Street<br>Antioch, CA 94509 | Grand Total: | **$305,000.00** |
|---|---|---|---|

Form WH-56

# EXHIBIT B

LAKE ALHAMBRA PAYMENT PLAN
6 PAYMENTS = $330,000 ($55,000 Per Month -1. LDs, 2. BWs, 3. CMPs)

**ONE — 30 Days After Entry of Consent Judgement**

| Payment | First Name | Last Name | Amount to Pay | Type (BW/ LD/ CMP) |
|---|---|---|---|---|
| 1 | Gloria | Ahumada | $ 363.47 | Liquidated Damages |
| 2 | Maida | Bardales | $ 832.79 | Liquidated Damages |
| 3 | Maria | Cabello-Vargas | $ 580.26 | Liquidated Damages |
| 4 | Thalia | Contrearas | $ 182.31 | Liquidated Damages |
| 5 | Barbara | Enriquez | $ 2,141.84 | Liquidated Damages |
| 6 | Monika | Garcia | $ 8,544.83 | Liquidated Damages |
| 7 | Victoria | Garcia Hernandez | $ 20,230.78 | Liquidated Damages |
| 8 | Shannon | Hanlin | $ 349.94 | Liquidated Damages |
| 9 | Beatriz | Hernandez De Garcia | $ 5,900.38 | Liquidated Damages |
| 10 | Calletana | Moncada | $ 14,526.96 | Liquidated Damages |
| 11 | Rafaela | Mortaya | $ 1,262.61 | Liquidated Damages |

Payment $ 54,916.17

**TWO — 60 Days After Entry of Consent Judgement**

| Payment | First Name | Last Name | Amount to Pay | Type (BW/ LD/ CMP) |
|---|---|---|---|---|
| 1 | Esperanza | Garcia | $ 13,575.91 | Liquidated Damages |
| 2 | Esmeralda | Gonzalez | $ 15,338.18 | Liquidated Damages |
| 3 | Sonia | Hernandez | $ 6,293.12 | Liquidated Damages |
| 4 | Gavina | Jimenez | $ 8,188.47 | Liquidated Damages |
| 5 | Veronyca | Juarez | $ 1,552.57 | Liquidated Damages |
| 6 | Rose | Lay | $ 3,006.75 | Liquidated Damages |
| 7 | Gloria | Ramirez | $ 649.09 | Liquidated Damages |
| 8 | Maria | Sanchez-Alvarado | $ 4,972.41 | Liquidated Damages |
| 9 | Graciela | Soto | $ 1,635.69 | Liquidated Damages |

Payment $ 55,212.19

**Payments**

| | | Total Each Month |
|---|---|---|
| ONE | 30 Days After  Entry of Consent Judgement | $ 54,916.17 |
| TWO | 60 Days After  Entry of Consent Judgement | $ 55,212.19 |
| THREE | 90 Days After  Entry of Consent Judgement | $ 54,965.21 |
| FOUR | 120 Days After  Entry of Consent Judgement | $ 55,004.82 |
| FIVE | 150 Days After  Entry of Consent Judgement | $ 54,953.19 |
| SIX | 180 Days After  Entry of Consent Judgement | $ 54,948.42 |
| | Grand Total | $ 330,000.00 |

LAKE ALHAMBRA PAYMENT PLAN
6 PAYMENTS = $330,000 ($55,000 Per Month -1. LDs, 2. BWs, 3. CMPs)

**THREE**

| Payment | First Name | Last Name | Amount to Pay | Type (BW/ LD/ CMP) |
|---|---|---|---|---|
| 1 | Guadalupe | Flores | $ 17,777.59 | Liquidated Damages |
| 2 | Sonia | Hernandez | $ 6,293.12 | Back Wages |
| 3 | Beatriz | Hernandez de Garcia | $ 5,900.37 | Back Wages |
| 4 | Maria Ester | Mendaez-Herrera | $ 2,882.18 | Liquidated Damages |
| 5 | Martha | Pena Ochoa | $ 2,663.97 | Liquidated Damages |
| 6 | Griselda | Ramirez | $ 1,418.83 | Liquidated Damages |
| 7 | Yesenia | Silva-Gomez | $ 1,198.93 | Liquidated Damages |
| 8 | Ana | Suarez | $ 2,674.47 | Liquidated Damages |
| 9 | Maricela | Torres | $ 775.00 | Liquidated Damages |
| 10 | Maricela | Torres | $ 400.00 | Back Wages |
| 11 | Maria | Vasquez | $ 2,042.73 | Liquidated Damages |
| 12 | Manuela | Virgen | $ 3,318.01 | Liquidated Damages |
| 13 | Karla | Zapata | $ 1,183.94 | Liquidated Damages |
| 14 | Marlett | Zapata | $ 2,769.44 | Liquidated Damages |
| 15 | Maria | Zuniga | $ 3,666.63 | Liquidated Damages |

Payment $ **54,965.21**

**FOUR**

| Payment | First Name | Last Name | Amount to Pay | Type (BW/ LD/ CMP) |
|---|---|---|---|---|
| 1 | Gloria | Ahumada | $ 363.47 | Back Wages |
| 2 | Maida | Bardales | $ 832.80 | Back Wages |
| 3 | Maria | Cabello-Vargas | $ 580.27 | Back Wages |
| 4 | Barbara | Enriquez | $ 2,141.85 | Back Wages |
| 5 | Monika | Garcia | $ 8,544.83 | Back Wages |
| 6 | Victoria | Garcia Hernandez | $ 20,230.77 | Back Wages |
| 7 | Shannon | Hanlin | $ 349.94 | Back Wages |
| 8 | Calletana | Moncada | $ 14,526.96 | Back Wages |
| 9 | Rafeala | Mortaya | $ 1,262.60 | Back Wages |
| 10 | Maria | Sanchez Alvarado | $ 4,972.41 | Back Wages |
| 11 | Yesenia | Silva-Gomez | $ 1,198.92 | Back Wages |

$ **55,004.82**

LAKE ALHAMBRA PAYMENT PLAN
6 PAYMENTS = $330,000 ($55,000 Per Month -1. LDs, 2. BWs, 3. CMPs)

| FIVE | Payment | 150 Days After Entry of Consent Judgement | | |
|------|---------|-------------|---------------|---------------------|
| | First Name | Last Name | Amount to Pay | Type (BW/ LD/ CMP) |
| | 1 Esperanza | Garcia | $ 13,575.90 | Back Wages |
| | 2 Esmeralda | Gonzalez | $ 15,338.18 | Back Wages |
| | 3 Gavina | Jimenez | $ 8,188.47 | Back Wages |
| | 4 Veronyca | Juarez | $ 1,552.56 | Back Wages |
| | 5 Rose | Lay | $ 3,006.75 | Back Wages |
| | 6 Maria Ester | Mendez Herrera | $ 2,882.17 | Back Wages |
| | 7 Martha | Pena Ochoa | $ 2,663.96 | Back Wages |
| | 8 Griselda | Ramirez | $ 1,418.82 | Back Wages |
| | 9 Gloria | Ramirez | $ 649.08 | Back Wages |
| | 10 Graciela | Soto | $ 1,635.68 | Back Wages |
| | 12 Maricela | Torres | $ 375.00 | Back Wages |
| | 11 Maria | Zuniga | $ 3,666.62 | Back Wages |

Payment $ 54,953.19

| SIX | Payment | 180 Days After Entry of Consent Judgement | | |
|-----|---------|-------------|---------------|---------------------|
| | First Name | Last Name | Amount to Pay | Type (BW/ LD/ CMP) |
| | 1 Thalia | Contteras | $ 182.31 | Back Wages |
| | 2 Guadalupe | Flores | $ 17,777.58 | Back Wages |
| | 3 Ana | Suarez | $ 2,674.46 | Back Wages |
| | 4 Maria | Vasquez | $ 2,042.71 | Back Wages |
| | 5 Manuela | Virgen | $ 3,318.00 | Back Wages |
| | 6 Karla | Zapata | $ 1,183.93 | Back Wages |
| | 7 Marlett | Zapata | $ 2,769.43 | Back Wages |
| | 8 Dept of Labor | Wage & Hour Div | $ 25,000.00 | Civil Money Penalties |

Payment $ 54,948.42

# EXHIBIT C

RECORDING REQUESTED BY

United States Department of Labor

When Recorded Mail To:

United States Department of Labor
Office of the Solicitor
Attn: Laura Bremer, Trial Attorney
90 7th Street, Suite 3-700
San Francisco, CA 94103

2014P018004200007
**CONTRA COSTA Co Recorder Office**
**JOSEPH CANCIAMILLA, Clerk-Recorder**
**DOC-2014-0180042-00**
**Acct 1214-Placer Title Company Simplifile**
**Monday, OCT 20, 2014 09:00:51**
**MOD   $8.00|REC   $28.00|FTC   $6.00**
**DAF   $5.40|REF   $0.60|RED   $2.00**
**ERD   $2.00|           |**
**Ttl Pd   $52.00        Nbr-0002095740**
**CLM/RC/2-7**

*602-21764*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (With Acceleration Clause)

This DEED OF TRUST, made October 16 , 2014 between Fatima/Zahra, Inc., Mehrangiz Sarkeshik, and Abolfazl Sarkeshik

herein called CO-TRUSTORS, whose address is 825 East 18th Street Antioch, California 94509-2868

Placer Title Company, a California corporation, herein called TRUSTEE, and
The Secretary of Labor, U.S. Department of Labor herein called BENEFICIARY, WITNESSETH:

That Co-Trustors grant to Trustee in Trust, with Power of Sale, that property in Antioch, County of Contra Costa, State of California, described as: SEE ATTACHED EXHIBIT "A"

This instrument filed for record by
Placer Title Co. as an accomodation
only. It has not been examined as
to its execution or as to its effect
upon the title.

This instrument filed for record by
Placer Title Co. as an accomodation
only. It has not been examined as
to its execution or as to its effect
upon the title.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) Payment of the sum of $330,000 per the terms of the Consent Judgment in *Perez v. Fatima/Zahra, Inc.*, Case No. 4:14-cv-02337-CW with interest thereon according to the terms of the Consent Judgment signed by Co-Trustors, payable to order of Beneficiary as set forth therein, and extensions or renewals thereof, and (2) the performance of each agreement of Co-Trustors incorporated by reference or contained herein (3) Payment of additional sums and interest thereon which may hereafter be loaned to Co-Trustors, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

If the Co-Trustors shall convey or alienate said property or any part thereof or any interest therein or shall be divested of his title in any manner or way, whether voluntary or involuntary any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the same or payment dates set forth in the Consent Judgment, at the option of the holder hereof and without demand or notice shall become due and payable immediately.

A. To protect the security of this Deed of Trust, Co-Trustors agree:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Co-Trustors. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Co-Trustors fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Co-Trustors and without releasing Co-Trustors from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumberance, charge or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.  It is mutually agreed:

(1)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided or disposition of proceeds of fire or other insurance.

(2)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3)  That at any time or from time to time, without liability therefor and without notice, upon written request of beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4)  That upon written request of Beneficiary stating all sums secured hereby have been paid, and surrender of this Deed and said Note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5)  That as additional security, Co-Trustors hereby give to and confer upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Co-Trustors the right, prior to any default by Co-Trustors in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)  That upon default by Co-Trustors in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Co-Trustors, shall sell said property at the time and placed fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for

cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the names of the original Co-Trustors, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(9) That Trustee Accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Co-Trustors, Beneficiary or Trustee shall be a party unless brought by Trustee.

**Signature of Co-Trustors**

FATIMA/ZAHRA, INC.,

BY: _~signature~_

ABOLFAZL SARKESHIK, PRESIDENT

_~signature~_ ABOLFAZL SARKESHIK

m-Sarkeshik

MEHRANGIZ SARKESHIK

Dated : 10/16/2014

STATE OF CALIFORNIA          )
COUNTY OF Contra Costa       )

On 10/16/2014          before me, D. DORMAN                    , Notary Public,
personally appeared
ABOLFAZL SARKESHIK   and
MEHRANGIZ SARKESHIK

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph
is true and correct. WITNESS my hand and official seal.

Signature _~signature~_                    (Seal)

D. DORMAN
Commission # 1929196
Notary Public - California
Contra Costa County
My Comm. Expires Mar 19, 2015

## REQUEST FOR FULL RECONVEYANCE

TO ESCROW HOLDER, TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust.  Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated_____

_____

_____

Please mail Deed of Trust,
Note and Reconveyance to:  _____

Do not lose or destroy this DEED OF TRUST or the NOTE which it secures.  Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Order No.   602-21764

EXHIBIT "A"
LEGAL DESCRIPTION

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA, CITY OF ANTIOCH, AND IS DESCRIBED AS FOLLOWS:

PORTION OF THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 19, TOWNSHIP  2 NORTH RANGE 2 EAST, MOUNT DIABLO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF THE 1.989 ACRE PARCEL OF LAND DESCRIBED IN THE DEED FROM GEORGE J. VIERA ET AL TO FAY WILLS ET UX RECORDED MARCH 21, 1951 IN BOOK 1735 OF OFFICIAL RECORDS PAGE 137 THENCE FROM SAID POINT OF BEGINNING NORTHWESTERLY IN A DIRECT LINE OF THE NORTHERN CORNER OF THE PARCEL OF LAND DESCRIBED IN THE DEED FROM GEORGE JOSEPH VIERA ET UX TO MURRAY R. KAY ET UX RECORDED FEBRUARY 10, 1954 IN BOOK 2267 OF OFFICIAL RECORDS PAGE 213 THENCE SOUTH 26 DEGREES 45 MINUTES EAST ALONG THE EASTERN LINE OF SAID KAY PARCEL TO THE NORTHEAST CORNER OF THE 0.815 ACRE PARCEL DESCRIBED IN THE DEED FROM GEORGE J. VIERA ET AL TO MURRAY R.  KAY ET UX RECORDED MAY 10, 1949 IN BOOK 1384 OF OFFICIAL RECORDS PAGE 270  THENCE SOUTH 0 DEGREES 18 MINUTES EAST ALONG THE EAST LINE OF SAID LAST  MENTIONED PARCEL AND ITS DIRECT EXTENSION 296.58 FEET TO THE SOUTH LINE OF SAID NORTHEAST 1/4 THENCE NORTH 89 DEGREES 42 MINUTES EAST ALONG SAID  SOUTH LINE 150 FEET TO THE WEST LINE OF SAID WILLS PARCEL THENCE NORTH 0  DEGREES 18 MINUTES WEST ALONG SAID WEST LINE 296.58 FEET TO THE POINT OF  BEGINNING

EXCEPTING THEREFROM:

THAT PORTION GRANTED TO THE CITY OF  ANTIOCH IN DEED RECORDED MAY 5, 1988, BOOK 14312 PAGE 762, OFFICIAL RECORDS

APN  065-262-039

# EXHIBIT D

## LEGAL NOTICE TO ALL EMPLOYEES

Lake Alhambra and its owners have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement, which has been approved by a judge. Under this settlement agreement, Lake Alhambra will pay the Department of Labor money for former and current employees who worked at Lake Alhambra since March 26, 2011, and the Department of Labor will distribute the money directly to the employees. Lake Alhambra may not request that you return this money to them. Because of the terms of the settlement agreement, it is possible that some employees could receive their total payment as late as June 2015. If you leave this job, please call the U.S. Department of Labor at (415) 625-7720 to update your contact information.

Lake Alhambra must pay you at least the minimum wage for all hours worked, this includes all time that you are required to be at the worksite and performing work duties. In addition, Lake Alhambra must pay you overtime for all the hours worked over 40 in a workweek at a rate of 1.5 your regular wage rate.

Lake Alhambra and its employees may not fire, threaten to fire, retaliate (including retaliating through assignment of hours or shifts), or discriminate against employees in any other way because the employee cooperated with the Department of Labor or asserted their rights to be paid minimum wage, overtime, and provide information to the Department of Labor.

If you are not paid minimum wage for all the hours you worked or are not paid overtime or you need to update your contact information, or if anybody associated with Lake Alhambra retaliates against employees or tells them to return their wages, please call the **U.S. Department of Labor at (415) 625-7720**. Your name will be kept confidential and not disclosed.

## <u>AVISO LEGAL A TODOS LOS EMPLEADOS</u>

Lake Alhambra y sus dueños han resuelto una demanda con el Departamento de Trabajo de los Estados Unidos y entraron en un acuerdo de resolución, que ha sido aprobado por la juez.   Bajo este acuerdo, Lake Alhambra pagará al Departamento de Trabajo el dinero para los empleados actuales y anteriores que trabajaron en Lake Alhambra desde el 26 de marzo 2011, y el Departamento de Trabajo distribuirá el dinero directamente a los empleados.  Lake Alhambra no puede pedirle que devuelva este dinero a ellos.   A causa de los términos del acuerdo, es posible que algunos empleados puedan recibir su pago total hasta junio de 2015.  Si deja este trabajo, por favor llame al Departamento de Trabajo de Estados Unidos al (415) 625-7720 para actualizar su información de contacto.

Lake Alhambra le debe pagar al menos el salario mínimo (dicho "minimum wage" en inglés) por todas las horas que usted trabajó, esto incluye todo el tiempo que usted está obligado a estar en el sitio de trabajo y cumpliendo las obligaciones del trabajo.  Además, Lake Alhambra tiene que pagarle tiempo y medio (dicho "overtime" en inglés) por todas las horas trabajadas en exceso de 40 en una semana de trabajo, a una tasa de 1.5 de su salario regular.

Lake Alhambra y sus empleados no puede despedir, amenazar a despedir, tomar represalias (eso incluye represalia por medios de sus horas o su turno) o discriminar contra empleados en cualquier otra manera porque el empleado cooperó con el Departamento de Trabajo o reclamó sus derechos que le pagan el salario mínimo, tiempo y medio, o que dieron información al Departamento de Trabajo.

Si no le pagan el salario mínimo por todas las horas que trabajó, o no le pagan tiempo y medio por las horas extras, o si necesita actualizar su información de contacto, o si alguien de Lake Alhambra toma represalias contra los empleados o que les dice que tiene que devolver su dinero, por favor llama al Departamento de Trabajo al **415-625-7720**.  Su nombre se mantendrá confidencial y no se lo revelará.